IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| ROGER LYNN MEADOWS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 17-0283-WS-M |
| SEAFARERS INTERNATIONAL UNION, | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (doc. 11). The Motion has been briefed and is now ripe for disposition.

On June 20, 2017, plaintiff Roger Lynn Meadows, proceeding *pro se*, filed a Complaint against a single defendant identified as "Seafarers International Union the S.I.U." (Doc. 1, ¶ 3.)[1] In a cursory Complaint, Meadows indicates that his claims herein arise from "being told to remove asbestos from the ship Overseas Alaska employed by Seafarers Maritime Overseas Co." (*Id.*, ¶ 1.) No entity called "Seafarers Maritime Overseas Co." is joined as a defendant. Attachments to the pleading elaborate on Meadows' claims. He writes that he "was a member of the s.i.u." and served aboard "six oceangoing ships," including the OVERSEAS ALASKA, where he "worked 800 days in the engine room" as a wiper. (Doc. 1-3, at 1.) Meadows indicates that when the OVERSEAS ALASKA was en route to the Port of Houston, Texas for inspection, he "was told by the chief engineer … to remove the asbestos from the engine room

---

[1] Meadows has brought at least seven other apparently related lawsuits in this District Court over the last two decades. A full listing of those cases and their termination dates is as follows: *Meadows v. Maritime Overseas*, Civil Action 98-0089-P-S (closed 5/8/1998); *Meadows v. Seafarers International*, Civil Action 00-0844-CB-S (closed 11/20/2000); *Meadows v. A-C Product Liability Trust et al.*, Civil Action 03-0750-CG-M (closed 12/4/2003); *Meadows v. A-C Product Liability Trust et al.*, Civil Action 05-0670-WS-M (closed 3/24/2006); *Meadows v. A-C Product Liability Trust et al.*, Civil Action 06-0468-WS-C (closed 11/06/2006); *Meadows v. Uniroyal Chemical Co. et al.*, Civil Action 07-0463-WS-B (closed 8/30/2007); *Meadows v. A-C Product Liability Trust et al.*, Civil Action 12-0641-WS-B (closed 3/7/2013).

and throw it over the side," which he did. (*Id.*) Meadows asserts that the shipping company is at fault for forcing him to remove the asbestos, as a result of which he contracted asbestosis. (*Id.*)

The attachments to the Complaint go on to explain that Meadows was represented by a lawyer in maritime actions against 104 manufacturing/industrial/shipping corporations, and that his lawyer successfully settled with ten of those entities. (*Id.*) Meadows further states that several other entities have filed for bankruptcy protection. (*Id.*) The Complaint also includes, without elaboration or explanation, copies of dozens of summonses from a 1996 case in the Northern District of Ohio in which Meadows sued numerous companies purportedly involved with the manufacture, distribution or use of asbestos in some way. (Doc. 1-1.)

What the Complaint does not specify is why Meadows is suing Seafarers International Union, how Meadows contends he was wronged by Seafarers International Union, or what Seafarers International Union has to do with what Meadows characterizes as an order by the chief engineer of the OVERSEAS ALASKA that Meadows remove asbestos from the engine room, thereby causing him to contract asbestosis. This omission is both obvious and undeniable, even when the Court reviews Meadows' pleading with the deference he is owed as a *pro se* litigant. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("we are to give liberal construction to the pleadings of *pro se* litigants"); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys."). Notwithstanding Meadows' unrepresented status, he must abide by the applicable procedural rules and present a claim upon which relief may be granted. *See, e.g., Goodykoontz v. Diamond's Gentleman's Club*, 187 F. Supp.3d 1332, 1334 (S.D. Ala. 2016) ("a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court") (citation omitted); *Holmes v. Escambia County Sheriff Dep't*, 2015 WL 2095671, *2 (S.D. Ala. May 4, 2015) ("Holmes' *pro se* status does not excuse her from compliance with procedural rules."). And of course, a federal court cannot serve as *de facto* counsel for a *pro se* litigant or rewrite otherwise deficient pleadings to pass Rule 12(b)(6) muster. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (lenience afforded *pro se* litigants does not allow court "to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action").

Defendant, Seafarers International Union, Atlantic, Gulf, Lakes, and Inland Waters, AFL-CIO ("SIU"), has now filed a Motion to Dismiss keying on these principles. In particular, SIU

points out that Meadows' Complaint makes no allegations against SIU, but is instead directed at events from 1985 onboard the OVERSEAS ALASKA, a vessel that SIU neither owns nor operates, at a time when Meadows was neither employed by SIU nor supervised by SIU. According to defendant, "any possible claim would be against his employer, the owner and operator of that vessel, and/or the manufacturer of the asbestos, none of which would include the Defendant." (Doc. 11, at 3.)

The fundamental question raised by the Motion to Dismiss is why Meadows is suing SIU for the events described in the Complaint, none of which appear to have anything to do with SIU. In response to the Motion, Meadows sheds no light on the factual or legal basis of his claims against SIU. To be sure, he alleges that when the chief engineer on the OVERSEAS ALASKA directed him to remove the asbestos, Meadows was told "they would put in a good word for me to advance with the union." (Doc. 13, at 1.) But that statement does nothing to suggest that SIU was in any way involved with the manufacture or installation of asbestos on the vessel, or had any knowledge, awareness or role whatsoever in directing Meadows to remove such asbestos. In short, nowhere in Meadows' response (or any of his other filings in this matter) does he identify any facts supporting a colorable claim that SIU is or might be liable for the asbestosis injuries of which he complains.

The Motion to Dismiss alleges that the Complaint fails to state a claim upon which relief can be granted; therefore, it is properly analyzed under Rule 12(b)(6), Fed.R.Civ.P. To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [its] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly / Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative

level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, … but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

Upon careful examination of the Complaint and Meadows' response to the Motion to Dismiss, with due regard for the deferential standard against which *pro se* pleadings are evaluated, the Court concludes that plaintiff has not satisfied *Twombly* / *Iqbal* pleading requirements. Simply put, the Complaint comes nowhere close to identifying a plausible claim for relief against SIU. In his pleading, Meadows alleges that he contracted asbestosis after an incident in which he was directed to remove asbestos from a ship on which he was working. The Complaint is devoid of allegations linking these events to SIU. There are no facts alleged that, for example, SIU owned or operated the OVERSEAS ALASKA at the time of the asbestos removal, that Meadows was employed by SIU at the time of the asbestos removal, or that SIU had any involvement in the chief engineer of the OVERSEAS ALASKA's directive to Meadows to remove asbestos from the engine room. Even after taking into account Meadows' unrepresented status, the Court readily finds that his filings fail to allege factual content supporting a reasonable inference that SIU is liable to Meadows on any cognizable legal theory. At most, the Complaint alleges only that the complained-of events took place while Meadows was a member of the SIU; however, plaintiff has identified neither facts nor law that could plausibly support a finding of liability against a trade union based solely on the plaintiff's status as a union member at the time he was exposed to asbestos. As noted *supra*, the Court cannot formulate Meadows' claims for him. It cannot rewrite or reimagine the Complaint into something it is not, act as *de facto* counsel for Meadows, or "fill in the blanks" to supply factual support or a legal theory that he has never identified. In its present form, the Complaint plainly fails to state a claim upon which relief can be granted; therefore, it is properly dismissed without prejudice, pursuant to Rule 12(b)(6).

The general rule applied to *pro se* plaintiffs in this Circuit is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*,

928 F.2d 1108, 1112 (11th Cir.1991).² However, the Rule 12(b)(6) dismissal being ordered by this Court is *without* prejudice, thereby removing it from the purview of *Bank*. *See Quinlan v. Personal Transport Services, Co.*, 329 Fed.Appx. 246, 249 (11th Cir. June 5, 2009) ("we never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*"); *Bazrowx v. Scott*, 136 F.3d 1053, 1054-55 (5th Cir. 1998) (dismissal of *pro se* complaint without granting leave to amend was proper where dismissal was without prejudice); *Zeigler v. Woodford*, 2017 WL 4102743, *1 (M.D. Ga. Sept. 15, 2017) ("this Court is not required to *sua sponte* provide a plaintiff with an opportunity to amend a complaint when the complaint is dismissed *without prejudice*"); *Holmes*, 2015 WL 2095671 at *3 (similar); *Lankster v. AT & T*, 2013 WL 1389982, *4 (S.D. Ala. Apr. 4, 2013) (similar).

For all of the foregoing reasons, defendant's Motion to Dismiss (doc. 11) is **granted**, and this action is **dismissed without prejudice** pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted. A separate judgment will enter.

DONE and ORDERED this 19th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

² The Eleventh Circuit has since retreated from *Bank* in the context of plaintiffs represented by counsel. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). But the *Wagner* holding has not been extended to unrepresented parties; to the contrary, the Eleventh Circuit has continued to adhere to the *Bank* rule where *pro se* plaintiffs are involved. *See Omanwa v. Catoosa County, Georgia*, --- Fed.Appx. ----, 2017 WL 4535856, *3 (11th Cir. Oct. 11, 2017) ("We've held that a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, when a more carefully drafted complaint might state a claim.") (citations and internal quotation marks omitted); *Jenkins v. Walker*, 620 Fed.Appx. 709, 711 (11th Cir. July 10, 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *Edwards v. Fernandez–Rundell*, 512 Fed.Appx. 996, 997 (11th Cir. Mar. 18, 2013) ("our decision in *Wagner* did not disturb our decision in *Bank* with respect to a *pro se* litigant's right to amend"). Thus, *Bank* remains good law in cases involving *pro se* plaintiffs.